

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,313 & AP-76,314

### EX PARTE FELIPE RUBIO GASPAR, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 22481-A AND 22386-A
### IN THE 336TH JUDICIAL DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and aggravated assault and sentenced to fifty years' imprisonment for the burglary of a habitation, and twenty years' imprisonment for the aggravated assault. His direct appeals were dismissed for want of jurisdiction. *Gaspar v. State*, Nos. 06-08-00209-CR and 06-08-00207-CR (Tex. App. – Texarkana, October 22, 2008).

Applicant contends that he was denied the opportunity to appeal these convictions because no timely notice of appeal was filed in either case. We remanded these applications to the trial court for findings of fact and conclusions of law.

The trial court has determined that Applicant was denied his right to appeal due to a breakdown in the legal system as a whole, and that the error is not directly attributable to either trial or appellate counsel. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. 22481-A and 22386-A from the 336th Judicial District Court of Fannin County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: March 17, 2010
Do Not Publish